JS 44 - CAND (Rev. 11/04)

# E-filing CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
AVANEX CORPORATION

## DEFENDANTS
3S PHOTONICS, S.A.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
H. Joseph Escher III
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, California 94111-3513
415.262.4500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | SOCIAL SECURITY | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt Relations | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 USC §§ 1332, 1391(a)(b); 9 USC §§ 1, 201, 203, 204.  Plaintiff seeks declaratory and injunctive relief re: arbitration clause.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE May 21, 2008    SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
D. CHRIS BURDETT (No. 230342)
chris.burdett@dechert.com
DECHERT LLP
One Maritime Plaza
Suite 2300
San Francisco, California 94111-3513
Telephone:   415.262.4500
Facsimile:    415.262.4555

E-filing

Attorneys for Plaintiff
AVANEX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVANEX CORPORATION,

        Plaintiff,

v.

3S PHOTONICS, S.A.,

        Defendant.

Case No. CV 08    BZ 2564

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Avanex Corporation ("Avanex"), for its complaint against 3S Photonics, S.A. ("3SP"), hereby alleges as follows:

**OVERVIEW OF ACTION**

1. In this action, Avanex seeks, among other relief, a judgment declaring that 3SP has breached its contractual obligation to arbitrate all disputes arising in connection with a Global Distributor Agreement (the "GDA" or "Agreement") between Avanex and 3SP by filing a $30 million defamation lawsuit against Avanex in France (the "French Lawsuit"). 3SP filed the French Lawsuit in its own backyard after Avanex initiated an arbitration proceeding in New York, pursuant to the arbitration clause in the GDA, alleging that 3SP breached the GDA by, among other things, wrongfully terminating the Agreement. In the French Lawsuit, 3SP alleges

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT

that Avanex defamed it under French law by issuing a press release in the United States that truthfully and accurately reported that Avanex had filed an arbitration complaint against 3SP. Avanex issued the press release, pursuant to its obligations under U.S. securities laws, to provide the market with revised revenue guidance reflecting the loss of revenue from 3SP's premature termination of the GDA and to inform the market that it had instituted an arbitration claim regarding the GDA's termination. Because the claims 3SP filed in France arise "in connection with" the GDA, Avanex seeks a declaration that those claims are subject to the GDA's broad arbitration clause and an order enjoining 3SP from continuing to pursue its vexatious litigation in France in direct violation of the parties' Agreement.

**PARTIES**

2.   Avanex is a Delaware corporation, having its principal place of business at 40919 Encyclopedia Circle, Fremont, California. Avanex designs, manufactures, and markets fiber optic-based products, known as photonic processors, which increase the performance of optical networks. Avanex is a publicly-owned company that trades on the NASDAQ.

3.   3SP is a société anonyme incorporated under the laws of France, having its principal place of business in Nozay, France. 3SP manufactures laser chips and modules for telecommunication networks.

**JURISDICTION AND VENUE**

4.   The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Avanex and 3SP, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. In addition, this action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et seq., and the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and the Court has subject matter jurisdiction under 9 U.S.C. § 203. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) and (b) and 9 U.S.C. § 204.

## FACTUAL ALLEGATIONS

5. 3SP was formerly a wholly-owned subsidiary of Avanex. In April 2007, Avanex sold a 90% stake in 3SP (then known as Avanex France) to Didier Sauvage, an employee of Avanex France, and Global Research Company, a French venture capital firm.

6. In connection with the sale, Avanex and 3SP entered into several commercial agreements, including the GDA. The GDA granted Avanex the exclusive right to distribute certain of 3SP's products for a fixed period of time.

7. The GDA contains a broad arbitration clause. Specifically, Avanex and 3SP agreed to arbitrate "all disputes arising in connection with this Agreement . . . ." GDA, §14.2. The parties further agreed that the "Agreement is governed by and construed in accordance with the applicable laws of the State of New York and the United States of America without regard to any conflict of laws principles." GDA, § 14.7.

8. On December 14, 2007, 3SP wrongfully terminated the GDA and cancelled over $4 million of Avanex's orders.

9. On December 26, 2007, Avanex initiated an arbitration proceeding against 3SP in New York (the "Arbitration") pursuant to the GDA's arbitration clause. Avanex alleged that 3SP breached its obligations under the GDA, including by prematurely terminating the GDA.

10. The next day, Avanex issued a press release providing the market with revised revenue guidance that took into account the loss of revenue from 3SP's termination of the GDA. In explaining the reason for the revised revenue guidance, i.e., the loss of revenue resulting from 3SP's termination of the GDA, Avanex truthfully and accurately reported that it had filed an arbitration complaint against 3SP. That press release, which Avanex issued in the United States, states in relevant part:

> Avanex Corporation (NASDAQ: AVNX), a pioneer of intelligent photonic solutions that enable next-generation optical networks, today reported that it filed an arbitration complaint in New York against 3S Photonics, of Marcoussis, France. The arbitration complaint alleges various breaches by 3S Photonics of its obligations to Avanex, including that 3S Photonics prematurely terminated its exclusive distribution agreement with Avanex.

1  As a result of 3S Photonics' termination of the distribution agreement,
2  Avanex expects that revenue for the second fiscal quarter of 2008, ending December 31, 2007, will be in the range of USD 51 – USD 53 million,
3  compared to USD 54.7 million in the prior quarter and USD 55.6 million in the second quarter of fiscal 2007 and will fall below the low end of its earlier
4  announced guidance for the quarter of USD 56 – USD 58 million. Avanex does not expect to receive future distribution revenue associated with 3S
5  Photonics, which will reduce Avanex's revenue for the third fiscal quarter, resulting in flat to slightly lower revenues for the third fiscal quarter compared
6  to the second fiscal quarter. Avanex believes gross margins for the second fiscal quarter will generally be consistent with the prior quarter.
7

8  11.  On February 7, 2008, 3SP filed its Statement of Defense and Counterclaim in the

9  Arbitration. 3SP denied that it breached the GDA, and asserted counterclaims against Avanex for

10  breach of the GDA, breach of a separate contract called the Global Purchase Agreement, and

11  tortious interference with business.

12  12.  Approximately two weeks later, however, 3SP filed a separate lawsuit against

13  Avanex in the Commercial Court of Evry in France. In the French Lawsuit, 3SP alleges that

14  Avanex defamed it under French law by merely reporting to the market that Avanex had filed an

15  arbitration complaint *alleging* that 3SP breached the GDA. 3SP further alleges that the press

16  release caused it to lose financing and damaged its reputation and customer relationships. 3SP

17  seeks to recover in excess of 21 million euros (approximately $32.5 million) from Avanex.

18  13.  The alleged defamatory statements at issue in 3SP's French Lawsuit relate solely

19  to the GDA and the parties' performance under that Agreement. Indeed, the non-official

20  translation of the French complaint provided by 3SP specifically refers to the GDA 11 separate

21  times, not including the numerous other general references to the parties' contractual obligations.

22  **FIRST CLAIM FOR RELIEF**

23  **DECLARATORY JUDGMENT AND ANTI-SUIT INJUNCTION**

24  14.  Avanex incorporates each of the preceding paragraphs 1 to 13 as if fully set forth

25  herein.

26  15.  The claims 3SP asserted in the French Lawsuit (the "French Claims") arise "in

27  connection with" the GDA, and are therefore subject to arbitration under § 14.2 of the GDA.

28

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -                                    COMPLAINT

1  16. Instead of arbitrating the French Claims, however, 3SP filed the French Lawsuit in
2  direct violation of the GDA.

3  17. Accordingly, an actual and substantial justiciable controversy exists between
4  Avanex and 3SP as to whether 3SP's French Claims are subject to arbitration.

5  18. 3SP's French Lawsuit is an improper effort to drive up Avanex's costs and obtain
6  an unfair tactical advantage by forcing Avanex to litigate the French Lawsuit in 3SP's own
7  backyard.

8  19. Accordingly, Avanex will continue to suffer harm unless the Court resolves the
9  controversy; declares that the French Claims are subject to the GDA's arbitration provision;
10 directs 3SP to litigate the French Claims, if at all, in an arbitration proceeding in New York in
11 accordance with the GDA's arbitration provision; and enjoins 3SP from continuing to maintain or
12 pursue the French Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Avanex respectfully requests the following relief:

1. A declaration that 3SP has breached the GDA by filing the French Lawsuit;

2. A declaration that the French Claims are subject to arbitration pursuant to § 14.2 of the GDA;

3. An Order compelling 3SP to litigate the French Claims, if at all, in an arbitration proceeding in New York pursuant to § 14.2 of the GDA;

4. An anti-suit injunction restraining and enjoining 3SP, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, from continuing to maintain or prosecute the French Lawsuit;

5. An award of costs and expenses, including attorneys' fees, in bringing this action; and

6. Such other and further relief as the Court may deem just and proper.

Dated: May 21, 2008

DECHERT LLP

By: _____
H. Joseph Escher III
Attorneys for Plaintiff
AVANEX CORPORATION

13191054.2.LITIGATION